Carol Lines, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued June 4, 1981, before Judges ROGERS, BLATT and PALLADINO, sitting as a panel of three.

*Herbert Somerson,* for petitioner.

*Michael C. Schnierle,* Assistant Counsel, with him *John G. Alford,* Assistant Counsel, and *Joseph J. Malatesta, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 29, 1981:

This is an appeal from an order of the Public Utility Commission (PUC) directing Carol Lines, Inc. (Carol Lines) to cease and desist from "transporting persons for compensation between points in Pennsylvania except in compliance with the motor carrier provisions of the Public Utility Code. . . ." We reverse and remand.

The PUC, by its own motions, instituted two complaints against Carol Lines on February 22, 1979, and April 19, 1979, alleging in each that Carol Lines had violated Section 201 of the Public Utility Law (Law), Act of May 28, 1937, P.L. 1053, *as amended, formerly*

66 P.S. §1121,[1] by transporting passengers on various occasions as a common carrier without a certificate of public convenience. In its answers to these complaints, Carol Lines (1) admitted that it had rendered the transportation services in question, and that it had done so without a certificate of public convenience, (2) asserted that the transportation services had been rendered pursuant to a contract to children participating in a summer educational program of the Klein Branch of the Jewish Y (Klein Branch), and (3) alleged that such transportation services were exempted from the certification provisions of Section 201 of the Law by Section 2(6) of the Law,[2] *formerly* 66 P.S. §1102, which provided in pertinent part:

'Common Carrier by Motor Vehicle' means any common carrier who or which holds out or undertakes the transportation of passengers or property, or both . . . but shall not include . . . (b) transportation of school children for school purposes or to and from school sponsored extra curricular activities whether as participants or spectators, together with chaperons who might accompany them as designated by the board of school directors not exceeding five in number, or between their homes and Sunday school in any motor vehicle owned by the school district, private school or parochial school, or transportation of school children between their homes and school or to and from school sponsored extra curricular or educational activities whether as participants or spectators . . . if the person

---

[1] Section 201 of the Law was repealed by Section 2 of the Act of July 1, 1978, P.L. 598. A similar provision is now found in Section 1101 of the Public Utility Code, 66 Pa. C. S. §1101.

[2] Section 2(6) of the Law was repealed by Section 2 of the Act of July 1, 1978, P.L. 598. A similar provision is now found in Section 102 of the Public Utility Code, 66 Pa. C. S. §102.

performing the extra curricular transportation has a contract for the transportation of school children between their homes and school, with the private or parochial school, with the school district or jointure in which the school is located if the jointure has no contracts with other persons for the transportation of students between their homes and school, and if the person maintains a copy of all contracts in the vehicle at all times. . . .

On July 5, 1979, the parties attended a pretrial conference on these complaints conducted by an Administrative Law Judge (ALJ). At this conference, the parties agreed to consolidate the two complaints, and Carol Lines presented a contract to the ALJ (1) which the parties stipulated was the contract pursuant to which Carol Lines performed the transportation services in question, and (2) which the parties stipulated was the only contract between Carol Lines and the Klein Branch pertaining to the rendering of transportation services. Following the submission of this contract, the parties discussed their respective interpretations of Section 2(6), and at the conclusion of the discussion the PUC trial staff requested, and received, permission to file a motion for summary judgment, which was subsequently submitted on July 19, 1979. In this motion, the PUC alleged that there were no remaining unsettled material questions of fact, and that Carol Lines' contractual relationship with the Klein Branch did not, as a matter of law, fall within the certification exemption of Section 2(6). In its answer to this motion, Carol Lines (1) agreed that there were no outstanding material questions of fact, and (2) argued that Section 2(6) exempted *all* transportation services rendered to children participating in extra curricular activities from the certification provisions of Section 201.

After evaluating the record before him, the ALJ issued an initial decision on October 15, 1979, granting the trial staff's motion for summary judgment. In this decision, the ALJ concluded that Section 2(6) only exempts from PUC regulation the transportation of school children to extra curricular activities in a vehicle owned by the school, or the transportation of school children to extra curricular activities where the person performing the transportation also has a contract with the school to transport children between their homes and school. The ALJ then concluded that Carol Lines had violated Section 201 of the Law, on each of the occasions listed in the PUC's complaints, since it had not transported children in a vehicle owned by the Klein Branch, and did not have a contract *with the Klein Branch* to transport children between their homes and school. Carol Lines subsequently filed exceptions to this initial decision alleging, *inter alia,* (1) that Section 2(6) exempted from PUC regulation the transportation of children to extra curricular activities if the person performing the transportation had a contract with the school *or the school district or jointure in which the school is located,* and (2) that it had such a contract with the Philadelphia School District. Accordingly, Carol Lines argued that the ALJ improperly granted summary judgment since the factual issue of whether it had a contract with the school district or jointure to transport children between their homes and school had not been addressed. On December 13, 1979, the ALJ issued an Opinion and Order Sur Exceptions of Carol Lines reaffirming his initial decision to grant summary judgment. In this opinion, the ALJ modified his initial decision by noting that he believed that Carol Lines would come within the certification exemption of Section 2(6) if it had a contract with the Philadelphia School District to transport children between

their homes and school.[3] The ALJ concluded, however, that his initial decision should stand since the question of whether Carol Lines had a contract with another entity to transport children between their homes and school had not been raised in the initial pleadings. On appeal, the full commission adopted the ALJ's modified opinion and order, and the present appeal followed.

Before this Court, Carol Lines argues, *inter alia*, as it argued before the full commission, that the ALJ had no authority to enter summary judgment without conducting a hearing. Since we agree with this contention, we will reverse and remand.

Section 35.180(a) of Title 1 of the Pennsylvania Code describes the authority of the ALJ to rule on motions. It provides in pertinent part that:

(a) The presiding officer designated to preside at a hearing is authorized to rule upon any motion not formally acted upon by the agency head prior to the commencement of the hearing where immediate ruling is essential in order to proceed with the hearing, and upon any motion filed or made after the commencement of the hearing and prior to the submission of his proposed report in the proceedings, *except that no motion made before or during a hearing, a ruling upon which would involve or constitute a final determination of the proceeding, shall be ruled upon by a presiding officer except as a part of his proposed report submitted after the conclusion of the hearing.* (Emphasis added.)

---

[3] In reaching this conclusion, the ALJ concluded that Section 2(6) of the Law had to be read *in pari materia* with Section 1361 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1361, which requires certain public school districts to provide transportation services to parochial schools.

Since it is clear in the present case that the ALJ ruled upon a motion constituting a final determination of the proceedings before him prior to the conclusion of any hearing on the matter, we believe that he exceeded his authority, and that this case must accordingly be remanded for the purpose of conducting a hearing on the PUC complaints.

Finally we note that we find no merit in the PUC's assertion that Carol Lines may not raise the issue of the ALJ's authority to grant summary judgment before us since the issue was not raised by Carol Lines in its exceptions to the ALJ's initial decision. *See* 1 Pa. Code §35.213. Since the question of whether the ALJ had the authority to grant summary judgment is jurisdictional, it may be raised at any time.

Accordingly, we enter the following

### Order

And Now, December 29, 1981, the order of the Public Utility Commission, dated March 12, 1980, is reversed, and this case is hereby remanded for the purpose of conducting hearings on Public Utility Commission complaints C-79020739 and C-79040833.